UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALLEN CHUKWUHDI, AKA ALLEN C. DAWSON,

                Plaintiff,

-against-

THE UNITED STATES POSTAL SERVICE; ONEIDA ARROYO – MANHATTANVILLE SUPERVISOR MORALES – MANHATTANVILLE MANAGER; GABRIEL PEREZ – CUSTOMER SERVICE REPRESENTATIVE; (1) YET UNIDENTIFIED POSTAL EMPLOYEE; AMERICAN POSTAL WORKERS UNION,

                Defendants.

26-CV-1439 (LTS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action invoking the court's federal question jurisdiction and alleging that Defendants interfered with his mail service. By separate order, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. On March 13, 2026, without direction from the Court, Plaintiff filed an amended complaint. (ECF 5.) For the reasons set forth below, the Court dismisses the amended complaint, but grants Plaintiff 30 days' leave to replead his claims in a second amended complaint.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff brings this action against the United States Postal Service ("USPS"); Manhattanville USPS location supervisor Oneida Arroyo; Manhattanville USPS location manager Morales; USPS customer service representative Gabriel Perez; an unidentified "Postal Employee" ("Jane Doe"); and the American Postal Workers Union ("APWU"). The following

2

allegations are drawn from the amended complaint.[1] Plaintiff, who resides on West 132nd Street in Manhattan, alleges that his mail has been "willfully obstructed or stolen" at the Manhattanville Post Office located on West 125th Street. (ECF 5, at 1.)

Plaintiff alleges that the Jane Doe mail carrier for his route "has a routine practice of, what seems intentionally, leaving the building access door open and sometimes ajar on her way out of the building, most often at night." (*Id.* at 2.) Plaintiff has "spoke[n] to her on numerous occasions" about this issue, and asked her to "secure the building," but she has stated that "the Post Office is not responsible for closing or locking the door." (*Id.*) Plaintiff further alleges that Jane Doe "violently demanded" that Plaintiff purchase a self-locking door. (*Id.*) Plaintiff maintains that this is a violation of the "Postal Service['s] own safety standards." (*Id.*)

On January 8, 2026, as Plaintiff was entering the building, the Jane Doe postal worker "became cross" with Plaintiff and, "in deliberate fashion," walked out of the building and left the door open behind her. (*Id.*) When Plaintiff "confronted her," she "launched a tirade of expletives, threats of bodily harm, and [threats] of Plaintiff being arrested." (*Id.*)

The next day, Plaintiff reported the incident to the U.S Postal Inspector on Chambers Street in Manhattan. Two days later, Defendant customer service agent Perez came to Plaintiff's apartment to speak to Plaintiff. Perez assured Plaintiff that he "would handle the postal carrier in question." (*Id.* at 3.)

On an unspecified date, Plaintiff "became aware of the fact" that mail was no longer being delivered to his building. (*Id.*) Plaintiff filed "an inquiry" with the Postal Inspector regarding "missing packages that were received at the Manhattanville station" but that Plaintiff

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

3

had not received. (*Id.*) Plaintiff states that he "has received no mail delivery at home and has gotten the run about at the 125th Street Post Office when he tried to retrieve mail in person." (*Id.*)

Plaintiff further asserts that Defendant Arroyo, who is Jane Doe's supervisor, and Defendant Morales, the Manhattanville manager, have refused to identify Jane Doe to Plaintiff and have not returned Plaintiff's emails and phone calls.

Plaintiff believes that Jane Doe is retaliating against him by refusing to deliver his mail and that Arroyo, Perez, Morales, APWU, and the Postal Service are "acting in concert with this yet unidentified civil servant." (*Id.* at 3.)

Plaintiff, who identifies as Black or African American, "believes" that his race "may have influenced the defendant(s) decisions," but he alleges no facts in support of this assertion. (*Id.* at 1.)

Plaintiff seeks an order directing the "normal and secure" restoration of his mail service and $5 million in damages. (*Id.* at 4.)

## DISCUSSION

### A.    Claims under criminal law

Plaintiff brings this action asserting claims under 18 U.S.C. §§ 1701, 1702, and other provisions of the federal criminal code relating to criminal obstruction of the mail. Plaintiff cannot initiate the arrest and prosecution of an individual in this Court because "the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 87 (1981). Nor can Plaintiff or the Court direct prosecuting attorneys to initiate a criminal proceeding against any of the defendants because prosecutors possess discretionary authority to bring criminal actions, and they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). Accordingly,

4

because Plaintiff lacks standing to cause the federal criminal prosecution of others, *see Linda R.S. v. Richard D.*, 410 U.S. 614, 618-19 (1973), the Court dismisses, for lack of subject matter jurisdiction, any claims in which Plaintiff seeks the federal criminal prosecution of anyone, including any of the defendants, *see* Fed. R. Civ. P. 12(h)(3); *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012) ("If [a] plaintiff[ ] lack[s] Article III standing, a [federal] court has no subject matter jurisdiction to hear [his] claim." (internal quotation marks and citation omitted)).

**B.       Claims for damages under the Federal Tort Claims Act**

The USPS is "an independent establishment of the executive branch of the Government of the United States." 39 U.S.C. § 201. The doctrine of sovereign immunity bars federal courts from hearing all suits for monetary damages against the federal government, including its agencies and employees acting in their official capacities, except where sovereign immunity has been waived. *See United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). As a governmental agency, the USPS and its employees are entitled to sovereign immunity. *See Dolan v. USPS*, 546 U.S. 481, 484 (2006).

The Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80 ("FTCA"), provides for a waiver of sovereign immunity for injuries arising from the tortious conduct of federal officers or agents acting within the scope of their office or employment.[2] 28 U.S.C. § 1346(b)(1). Congress, however, has carved out certain exceptions to the FTCA's broad waiver of sovereign immunity. One exception is the "postal matter exception," which preserves sovereign immunity for "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter."

---

[2] The only proper defendant in an FTCA case is the United States. *See Langella v. Bush*, 306 F. Supp. 2d 459, 463 (S.D.N.Y.2004) ("Under the FTCA, suit must be brought directly against the United States, and federal agencies are immune from suit."). In light of Plaintiff's *pro se* status, the Court will construe his FTCA claims as being asserted against the United States even though he did not name it as a defendant in this action.

5

28 U.S.C. § 2680(b); *Raila v. United States*, 355 F.3d 118, 119 (2d Cir. 2004). The Supreme Court of the United States has construed this provision as retaining immunity for "injuries arising, directly or consequentially, because mail either fails to arrive at all or arrives late, in damaged condition, or at the wrong address." *Dolan*, 546 U.S. at 489. Thus, the USPS is immune from suit for "personal or financial harms arising from nondelivery or late delivery of sensitive materials or information." *Id.* The postal matter exception applies "regardless of the carrier's intent" and covers suits arising from negligent or intentional nondelivery of mail. *United States Postal Serv. v. Konan*, 146 S. Ct. 736, 744, 746 (2026).

Plaintiff's claim that the USPS or its employees failed to deliver his mail, whether negligently or intentionally, falls squarely within the postal matter exception. The FTCA therefore does not waive the sovereign immunity of the USPS for such claims, and Plaintiff's claims for money damages under the FTCA must be dismissed for lack of subject matter jurisdiction on the basis of sovereign immunity.

**C.      Claims for injunctive relief arising from mail delivery**

The Court must also dismiss Plaintiff's claims for injunctive relief regarding the manner and quality of the mail service that he has received because this court lacks subject matter jurisdiction to consider these claims. With respect to mail-service issues, including "any undue or unreasonable discrimination among users of the mails," 39 U.S.C. § 403(d), Congress has made clear, in 39 U.S.C. § 3662, that members of the public who wish to assert a grievance about mail service may do so by filing an administrative complaint with the Postal Regulatory Commission ("PRC") (formerly known as the Postal Rate Commission). *See* 39 U.S.C. § 3662(a).

Courts within this Circuit have repeatedly held that filing an administrative complaint with the PRC is "the sole remedy for a user of postal services who is not receiving adequate service or service equal to that furnished to others" and that "there is no federal district court

subject matter jurisdiction over actions against the [PRC] to review its rulings or compel it to follow its own regulations." *Shelby Res., Inc. v. USPS*, 619 F. Supp. 1546, 1549-50 (S.D.N.Y. 1985); *see Suazo Urena v. USPS*, No. 1:25-CV-1167 (LLS), 2025 WL 1475496, at *2 n.1 (S.D.N.Y. May 21, 2025) ("Plaintiffs' complaints about their mail service may be directed to the . . . [PRC, which] has exclusive jurisdiction over service complaints involving the USPS."); *McIver v. Postal Inspector Gen.*, No. 1:24-CV-9095 (LTS), 2025 WL 1127171, at *2 n.2 (S.D.N.Y. Apr. 14, 2025) (same); *Nat'l Post Office Collaborative v. Donahoe*, No. 3:13-CV-1406, 2013 WL 5818901, at *3 (D. Conn. Oct. 28, 2013) (quoting *LeMay v. USPS*, 450 F.3d 797, 799-800 (8th Cir. 2006)); *Nolen v. USPS*, 5:11-CV-0114, 2013 WL 660153, at *8 (D. Vt. Feb. 22, 2013); *see also LeMay*, 450 F.3d at 800 ("Congress gave meaning to this intention by placing within the [USPS] the means to redress a disaffected party's concerns about postal rates and services. Unhappy postal patrons were given recourse to the PRC. . . . This specific designation is contrasted with the District Courts' otherwise general jurisdiction. . . . Congress intended to remove consideration of postal service complaints from the courts altogether.").

A person who is dissatisfied with the decision of the PRC as to their administrative complaint about mail service may seek judicial review of that decision, but only in the United States Court of Appeals for the District of Columbia. *See* 39 U.S.C. § 3663; *Donahoe*, 2014 WL 4544094, at *4 ("Appeals of PRC decisions may be taken exclusively to the United States Court of Appeals for the District of Columbia." (citing § 3663)); *Shelby Res. Inc.*, 619 F. Supp. at 1549-50 ("[A] fair reading of the statute suggests that all such efforts to review decision[s] or orders of the [PRC] are within the original subject matter jurisdiction of the Court of Appeals.").

Accordingly, because this court is not authorized to consider Plaintiff's claims for injunctive relief as to the manner and quality of the mail service that he has received from the

USPS, the Court dismisses such claims for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

**D.      Constitutional claims against USPS employees**

To the extent Plaintiff, by alleging that Defendants discriminated against him based on his race, intends to assert federal constitutional claims for money damages, the Court dismisses such claims. Because Plaintiff alleges that his constitutional rights were violated by employees of the federal government, the Court liberally construes Plaintiff's complaint as asserting claims under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), which is "the federal analog to suits brought against state officials under [ ] 42 U.S.C. § 1983," *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009).

To state a claim for relief under *Bivens*, a plaintiff must allege facts that plausibly show that: (1) the challenged action was attributable to an officer acting under color of federal law, and (2) such conduct deprived him of a right, privilege, or immunity secured by the Constitution. *See Thomas v. Ashcroft*, 470 F.3d 491, 496 (2d Cir. 2006) (citing *Bivens*, 403 U.S. at 389). The Supreme Court has permitted a damages remedy against federal employees under *Bivens* in only three contexts: (1) unreasonable search and seizure under the Fourth Amendment, *Bivens*, 403 U.S. 388 (1971), (2) employment discrimination under the Fifth Amendment, *Davis v. Passman*, 442 U.S. 228 (1979), and (3) inadequate medical treatment of an inmate under the Eighth Amendment, *Carlson v. Green*, 446 U.S. 14 (1980). Recently, "the Court has made clear that expanding the *Bivens* remedy is now a 'disfavored' judicial activity," *Ziglar v. Abbasi*, 582 U.S. 120, 135 (2017), and a *Bivens* remedy is not available "where there are 'special factors counselling hesitation in the absence of affirmative action by Congress,'" *Hernandez v. Mesa*, 582 U.S. 548, 553 (2017) (quoting *Carlson*, 446 U.S. at 18).

8

Under *Ziglar,* unless a *Bivens* claim bears some resemblance to one of the three types of *Bivens* claims previously recognized by the Supreme Court, a court must hold that the claim constitutes a new *Bivens* context. 582 U.S. at 140. More recently, the Supreme Court held that, even if a court finds that a case presents "parallel circumstances" with the three prior cases recognizing a *Bivens* remedy, a court may not provide a *Bivens* remedy unless it also decides that there is no rational reason to think that Congress is better equipped to create such a remedy. *See Egbert v. Boule*, 596 U.S. 482, 491-93 (2022) (holding in the context of a Fourth Amendment claim under *Bivens* that "superficial similarities are not enough to support the judicial creation of a cause of action").

Here, Plaintiff states that he "believes" that his race "may have influenced" unspecified defendants' decisions to obstruct his mail delivery. (ECF 5, at 1.) He alleges no facts, however, in support of his belief. Because Plaintiff alleges no facts suggesting his race had anything to do with the alleged obstruction of his mail delivery, and thus fails to plead that federal officers violated his constitutional rights, the Court declines to decide the issue of whether Plaintiff has an implied cause of action under *Bivens* and dismisses any such claims for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court grants Plaintiff 30 days' leave to replead his constitutional claims in an amended complaint. If Plaintiff's second amended complaint states a claim for a constitutional violation, the Court will consider whether a *Bivens* remedy is available.

E.    **American Postal Workers Union**

Plaintiff names the APWU as a defendant, but he alleges no facts describing any actions or omissions it has engaged in that violated his federal rights. To the extent Plaintiff seeks to assert federal constitutional claims under Section 1983 against the APWU, those claims must be dismissed. A claim for relief under Section 1983 must allege facts showing that each defendant

9

acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties are therefore not generally liable under the statute. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). APWU, a union representing federal postal workers, is a private party; it is not a state actor that can be held liable under Section 1983. *See Gleason v. Scopetta*, 566 F. App'x 65, 69 (2d Cir. 2014) (noting that courts have held that "[u]nions representing public employees 'generally are not state actors.'" (quoting *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002)); *Thomas v. Biller*, No. CV-88-2439, 1989 WL 131194, at *4 (E.D.N.Y. Oct. 10, 1989) (holding that the American Postal Workers Union and its members are not state actors for purposes of Section 1983).

Accordingly, the Court dismisses Plaintiff's claims against the APWU for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**F.      State law claims**

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which

10

district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

## LEAVE TO AMEND GRANTED

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because the Court cannot say, at this stage, that amendment is futile, the Court grants Plaintiff leave to amend his complaint solely for the purpose of alleging additional facts supporting his assertion that USPS employees discriminated against him on the basis of his race.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

The Court dismisses the complaint, filed IFP under 28 U.S.C. § 1915(a)(1), for failure to state a claim on which relief may be granted and for lack of subject matter jurisdiction, *see* 28 U.S.C. § 1915(e)(2)(B)(ii); Fed. R. Civ. P. 12(h)(3). The Court grants Plaintiff 30 days' leave to replead.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:    June 22, 2026
          New York, New York

                              /s/ Laura Taylor Swain
                              LAURA TAYLOR SWAIN
                         Chief United States District Judge

12